2018R00590/APT



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*          *(973) 645-2700*
*Newark, New Jersey  07102*

March 1, 2021

<u>**VIA E-mail**</u>

Peter Carter, Esq.
Assistant Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102
<u>Peter_carter@fd.org</u>

Re:  <u>Plea Agreement with DENIS SOTNIKOV</u>

Dear Mr. Carter:

This letter sets forth the plea agreement between your client, Denis Sotnikov, and the United States Attorney for the District of New Jersey ("this Office"). This Office's offer to enter into this plea agreement will expire on **March 15, 2021** if it is not accepted in writing on or before that date.

Conditioned on the understandings specified below, this Office will accept a guilty plea from Denis Sotnikov to an Information that charges Denis Sotnikov with knowingly and intentionally conspiring with others to launder money, in violation of 18 U.S.C. § 1956(h).

If Denis Sotnikov enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Denis Sotnikov for the conduct described in the Complaint against Denis Sotnikov, Mag. No. 20-1017. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Denis Sotnikov agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Denis Sotnikov may be commenced against him, notwithstanding the expiration of the limitations period after Denis Sotnikov signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1956(h) as charged in the Information to which Denis Sotnikov agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greater of: (1) $500,000; or (2) twice the value of the property involved in the transaction. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Denis Sotnikov is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Denis Sotnikov ultimately will receive.

Further, in addition to imposing any other penalty on Denis Sotnikov, the sentencing judge: (1) will order Denis Sotnikov to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Denis Sotnikov to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order Denis Sotnikov, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Denis Sotnikov to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Denis Sotnikov be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Denis Sotnikov may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Denis Sotnikov agrees to make full restitution for all losses resulting from the offense of conviction or from the same scheme or pattern of criminal activity described in the Complaint against Denis Sotnikov, Mag. No. 20-1017.  This amount shall be at least $2,480,371.27.

Forfeiture

Denis Sotnikov agrees that, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982, Denis Sotnikov will forfeit to the United States, any and all property involved in or traceable to the violation of 18 U.S.C. § 1956 charged in the Information. Denis Sotnikov further agrees to forfeit all of his right, title, and interest in the contents of the bank accounts and personal items listed in Attachment B to this agreement (the "Specific Property"), which Denis Sotnikov admits has the requisite nexus to the money laundering offense charged in the Information and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 982.

Denis Sotnikov further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a). Denis Sotnikov agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Denis Sotnikov has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Denis Sotnikov further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

Denis Sotnikov waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Denis Sotnikov consents to the entry of a Consent Judgment of Forfeiture that will be final as to Denis Sotnikov prior to the defendant's sentencing. Denis Sotnikov understands that criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Denis Sotnikov's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Denis Sotnikov hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Denis Sotnikov further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Denis Sotnikov fails to

provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Denis Sotnikov has intentionally failed to disclose assets on his Financial Disclosure Statement, Denis Sotnikov agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Denis Sotnikov by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Denis Sotnikov's activities and relevant conduct with respect to this case.

Stipulations

This Office and Denis Sotnikov agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Denis Sotnikov from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

- 4 -

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Denis Sotnikov waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Denis Sotnikov understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Denis Sotnikov understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Denis Sotnikov wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Denis Sotnikov understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Denis Sotnikov waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Denis Sotnikov. This agreement does not prohibit the United States, any agency thereof (including the United States Secret Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Denis Sotnikov.

No provision of this agreement shall preclude Denis Sotnikov from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Denis Sotnikov received constitutionally ineffective assistance of counsel.

- 5 -

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Denis Sotnikov and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By:  ANTHONY P. TORNTORE
Assistant United States Attorney

APPROVED:

DAVID W. FEDER
Chief, Cybercrime Unit

I have received this letter from my attorney, Peter Carter, Esq. It has been translated for me into Russian, and I understand it fully. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

S/Denis Sotnikov

_____          Date:      3/29/21
DENIS SOTNIKOV


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date:      3/29/21
PETER CARTER, ESQ.

- 7 -

Plea Agreement With DENIS SOTNIKOV

Schedule A

1.      This Office and Denis Sotnikov recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Denis Sotnikov nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Denis Sotnikov within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Denis Sotnikov further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.      The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3.      The applicable guideline for the violation of 18 U.S.C. § 1956(h) is U.S.S.G. § 2S1.1.

4.      Pursuant to U.S.S.G. § 2S1.1(a)(1), because the defendant did not commit the underlying offense from which the laundered funds were derived, the Base Offense Level is 8.

5.      Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(J) applies because the loss exceeded $3,500,000 but was not more than $9,500,000. This Specific Offense Characteristic results in an increase of 18 levels.

6.      Specific Offense Characteristic U.S.S.G. § 2S1.1(b)(2)(B) applies because the defendant was convicted under 18 U.S.C. § 1956. This Specific Offense Characteristic results in an increase of 2 levels.

7.      The adjusted offense level therefore is 28.

8.      As of the date of this letter, it is expected that Denis Sotnikov will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Denis Sotnikov's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. U.S.S.G. § 3E1.1(a) and Application Note 3.

9.      As of the date of this letter, it is expected that Denis Sotnikov will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will

move for a further 1-point reduction in Denis Sotnikov's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Denis Sotnikov enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Denis Sotnikov's acceptance of responsibility has continued through the date of sentencing and Denis Sotnikov therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Denis Sotnikov's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10.    In accordance with the above, the parties agree that the total Guidelines offense level applicable to Denis Sotnikov is 25 (the "agreed total Guidelines offense level").

11.    The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

12.    Denis Sotnikov knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

Plea Agreement with DENIS SOTNIKOV

Schedule B

1.      $250,052.00 in United States Currency, held in Synovus Bank Account #101-383-761-0, seized on or about March 12, 2020;

2.      $183,129.58 in United States Currency, held in City National Bank Account #30000136720, seized on or about March 12, 2020;

3.      The following items seized from 7206 Diplomat Parkway, Hallandale Beach, Florida 33009 on March 12, 2019:

      a.      $4,283.00 in United States Currency

      b.      Tiffany & Co. silver t-square bracelet

      c.      Tiffany & Co. silver Elsa Peretti high tide earrings

      d.      Tiffany & Co. silver ring with ball charm

      e.      Tiffany & Co. silver bracelet with eye charm

      f.      Tiffany & Co. princess cut diamond engagement ring

      g.      Silver ring stamped with the word "moon"

      h.      Valentino gold "V" earrings

      i.      Van Cleef & Arpels silver four leaf clover earrings

      j.      Bvlgari rose gold ring

      k.      Audemars Piguet Royal Oak silver watch

      l.      Rolex Oyster gold watch

      m.      Hublot Big Bang Black watch

      n.      Audemars Piguet Royal Oak Offshore watch with gold face and black band

      o.      Audemars Piguet royal oak offshore limited edition watch with silver face and blue band

      p.      Hublot classic fusion watch with gold face and black band

q.      Audemars Piguet royal oak offshore white watch

r.      Rolex oyster watch with gold and brown face and silver and gold band

s.      Rolex oyster silver watch

t.      Rolex oyster gold watch

u.      Chanel gold handbag

v.      Prada black handbag

w.      Louis Vuitton brown and gold handbag

x.      Louis Vuitton black handbag

y.      Balenciaga white handbag

z.      Cartier handbag

aa.     Cartier rose gold bracelet

bb.     Three (3) Tiffany & Co. silver bands