2021R00379/AT/SD/ms

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. John Michael Vazquez, U.S.D.J. |
| v. | : | |
| DENIS SOTNIKOV, | : | Crim. No. 21-453 (JMV) |
| Defendant. | : | CONSENT AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| | : | |

WHEREAS, on or about June 1, 2021, defendant Denis Sotnikov pleaded guilty, pursuant to a plea agreement with the United States, to a one-count Information, which charged him with conspiring with others to launder money, in violation of 18 U.S.C. § 1956(h);

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of an offense in violation of 18 U.S.C. § 1956(h) shall forfeit to the United States of America all property, real and personal, involved in such offense and any property traceable thereto;

WHEREAS, in the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all of his right, title and interest in any property, real or personal, involved in the offense alleged in the Information to which defendant Denis Sotnikov has pleaded guilty, and any property traceable to such property;

WHEREAS, the defendant shall forfeit all of his right, title and interest in the bank accounts and personal items listed in Attachment A of this Order, which represents any property, real or personal, involved in the money laundering conspiracy offense, and any property traceable to such property as alleged in the Information (the "Specific Property");

WHEREAS, Denis Sotnikov admits the Specific Property has the requisite nexus to the money laundering offense charged in the Information and therefore is forfeitable to the United States of America, pursuant to 18 U.S.C. § 982(a)(1);

WHEREAS, the provisions of 21 U.S.C. § 853(n) (as incorporated by 18 U.S.C. § 982(b)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Denis Sotnikov:

(1) Agrees to forfeit to the United States all of his right, title and interest in the Specific Property, which the defendant admits has the requisite nexus to the offense to which the defendant has agreed to plead guilty, pursuant to 18 U.S.C. § 982(a)(1);

(2) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(3) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any

failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(4) Waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As a result of the defendant's conviction of the offense charged in the Information, pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall be final against defendant Denis Sotnikov, shall be made part of the sentence of defendant Denis Sotnikov, and shall be included in the judgment of conviction therewith.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshal Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site

www.forfeiture.gov.  The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5.	Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.  The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

6.	Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

8. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this   3rd   day of   November, 2022.

_____
Honorable John Michael Vazquez
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

PHILIP R. SELLINGER
United States Attorney

_____   Dated: 10/31/22
By: ANTHONY TORNTORE
Assistant United States Attorney

_____   Dated: 11/3/2022
ANTHONY KEARNS, ESQ.
Attorney for Defendant
Denis Sotnikov

s/ Denis Sotnikov  by APK, authorized electronically    Dated: 11/3/2022
_____
DENIS SOTNIKOV,
Defendant

ATTACHMENT A

1.      $250,052.00 in United States Currency, held in Synovus Bank Account #101-383-761-0, seized on or about March 12, 2020;

2.      $183,129.58 in United States Currency, held in City National Bank Account #30000136720, seized on or about March 12, 2020; and

3.      The following items seized from 7206 Diplomat Parkway, Hallandale Beach, Florida 33009 on March 12, 2019:

   a.   $4,283.00 in United States Currency
   b.   Tiffany & Co. silver t-square bracelet
   c.   Tiffany & Co. silver Elsa Peretti high tide earrings
   d.   Tiffany & Co. silver ring with ball charm
   e.   Tiffany & Co. silver bracelet with eye charm
   f.   Tiffany & Co. princess cut diamond engagement ring
   g.   Silver ring stamped with the word "moon"
   h.   Valentino gold "V" earrings
   i.   Van Cleef & Arpels silver four leaf clover earrings
   j.   Bvlgari rose gold ring
   k.   Audemars Piguet Royal Oak silver watch
   l.   Rolex Oyster gold watch
   m.   Hublot Big Bang Black watch
   n.   Audemars Piguet Royal Oak Offshore watch with gold face and black band
   o.   Audemars Piguet royal oak offshore limited edition watch with silver face and blue band
   p.   Hublot classic fusion watch with gold face and black band
   q.   Audemars Piguet royal oak offshore white watch
   r.   Rolex oyster watch with gold and brown face and silver and gold band

      s.      Rolex oyster silver watch

      t.      Rolex oyster gold watch

      u.      Chanel gold handbag

      v.      Prada black handbag

      w.      Louis Vuitton brown and gold handbag

      x.      Louis Vuitton black handbag

      y.      Balenciaga white handbag

      z.      Cartier handbag

      aa.      Cartier rose gold bracelet

      bb.      Three (3) Tiffany & Co. silver bands,

(the "Specific Property").